UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAMELA A. BROWNFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02468-EGS |
| ) | |
| MARTIN J. GRUENBERG, ) | |
| Acting Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3 and this Court's Order for Initial Scheduling Conference entered on April 12, 2006, the parties hereby report to the Court that counsel for the parties conferred on April 26th, 2006. As a result of this conference, the parties hereby report to the Court as follows, in accordance with the numbered topics listed in LCvR 16.3(c):

**(1) Dispositive motions.** Defendant believes that this case may be resolved through dispositive motion(s). Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Hostile Work Environment) was filed on April 21, 2006, and Defendant anticipates filing a motion for summary judgment as to Count II (denial of pay raise in 2005) following the close of discovery. Because the scope of the case will be narrowed significantly if the pending motion to dismiss Count I is granted, Defendant requests that discovery be stayed pending the Court's decision on the motion to dismiss Count I.

For her part, plaintiff plans to oppose the motion to dismiss and believes that none of the claims contained in the case are amenable to final disposition on motion, whether such a

dispositive motion is filed before or after the close of discovery.  Moreover, even if the hostile work environment claim (Count I of the Complaint) were to be dismissed pursuant to defendant's April 21, 2006 motion, plaintiff contends that it would not narrow the scope of discovery in the case.  This is so because even if the incidents comprising the hostile work environment claim are deemed insufficient as a matter of law to support such a separate claim, these incidents would still be germane to the surviving discrimination claims (Count II of the Complaint).  Thus, these incidents would still be the proper subject of factual discovery in the civil action, even if Count I (the hostile work environment claim) were to be dismissed because, as defendant argues in its motion, the incidents are insufficient as a matter of law to state such a claim.  Accordingly, plaintiff does not believe a stay of discovery is justified until the Court decides the dispositive motion filed by defendant pursuant to Rule 12(b)(6), Fed. R. Civ. P.

**(2) Deadline for joining additional parties or amending pleadings.**  Neither Plaintiff nor Defendant anticipates joining additional parties.  However, as plaintiff has additional claims of discrimination and retaliation currently in the administrative EEO process at the Federal Deposit Insurance Corporation ("FDIC"), it is entirely possible that she will seek to amend the complaint in this civil action in the future in order to add these additional claims to this litigation.  As the latest claim was just recently lodged administratively, plaintiff suggests a deadline for amending the complaint of December 1, 2006, some seven months from now.  Neither party believes that the factual or legal issues can be narrowed until after the Court rules on the pending motion to dismiss Count I.

**(3) Assignment to a Magistrate Judge.**  Plaintiff consents to the assignment of this case to a Magistrate Judge for all purposes.  Defendant does not consent to the assignment of this case to a Magistrate Judge for any purpose except for settlement discussions.

**(4) Settlement Possibility.** The parties do not see a realistic possibility of settlement at this time, but will remain open to settlement discussions.

**(5) Alternative dispute resolution.** The parties utilized the FDIC's mediation process during the administrative process, but were unsuccessful in their attempts to resolve plaintiff's claims. Consequently, the parties believe that it is too early in the litigation of this case to determine whether this case could benefit from further alternative dispute resolution procedures. The parties will inform the Court if it appears that the Court's ADR process might be useful as the case progresses.

**(6) Resolution by summary judgment or motion to dismiss.** Defendant filed a motion to dismiss Count I of the complaint (hostile work environment based on race) on April 21, 2006, and expects to file a motion for summary judgment as to Count II of the complaint after the close of discovery. The parties suggest a dispositive motion schedule whereby motions for summary judgment shall be filed within 60 days after the close of discovery, oppositions to such motions shall be filed within 45 days after the filing of the dispositive motion, and that any reply to the opposition shall be filed within 21 days after the filing of the opposition. The parties request that the Court render its decision on any motions for summary judgment 30 days before the pretrial conference.

**(7) Initial disclosures.** Because of the extensive report of investigation that was compiled during the administrative phase of this Title VII action, the parties have agreed to stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26.

**(8) Discovery.**

(a) <u>Commencement and duration</u>. Defendant contends that the scope of the case will be

3

narrowed significantly if the Court grants Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Hostile Work Environment) filed on April 21, 2006. If the motion to dismiss Count I is granted, it will leave only Count II (denial of a pay raise in 2005) remaining at issue in the case. Accordingly, defendant requests that discovery be stayed until such time as the Court has decided the pending motion.

Plaintiff certainly does not agree that the scope of discovery will be narrowed at all even if the Court does dismiss her hostile work environment claim from the case. Indeed, plaintiff respectfully submits that whether or not the incidents and occurrences that combined make up the together the hostile work environment claim are permitted to stand as a separate, identifiable claim, the incidents and occurrences themselves will be admissible evidence in the race discrimination claim made in the second count of the complaint – which is not the subject of defendant's Rule 12(b)(6) motion. As such, plaintiff contends that these incidents and occurrences will be the proper subjects of discovery -- no matter which way the Court rules on defendant's "demurrer."

The parties do agree that all factual discovery on the claims made in the complaint to date should be completed by within 180 days after commencement of discovery, and that all expert discovery, if any, be completed within 60 days thereafter. This will accommodate the need to await exhaustion of available administrative remedies with regard to the claim recently lodged by plaintiff with the FDIC's Office of Diversity and Equal Opportunity prior to adding it to the instant litigation by amending the complaint.

(b) <u>Limits on discovery</u>. The parties agree that discovery matters, including limitations placed on discovery, shall be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia (with 10 depositions per side),

except that the parties agree that 30 interrogatories per party shall be allowed, rather than the 25 interrogatories provided in Rule 33(a), Fed. R. Civ. P.

(c) <u>Protective order</u>. Due to confidential personnel information that may be exchanged, defendant anticipates the need for an appropriate protective order.

**(9) Experts.** The parties propose that Plaintiff's expert(s) be designated no later than 120 days after the commencement of discovery, and that Defendant's expert(s) be designated no later than 30 days thereafter. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts shall apply.

**(10) Class actions.** Not applicable to this case.

**(11) Bifurcation of discovery and/or trial.** The parties see no need for bifurcation of discovery and/or trial at this time.

**(12) Proposed date for the pretrial conference.** The parties request that the Court set a pretrial conference date 30 days after its ruling on motions for summary judgment filed in accordance with paragraph 6 above, or 30 days after the cut-off date for filing dispositive motions if no such motions are filed.

**(13) Trial date.** The parties request that a trial date be set at the pretrial conference.

**(14) Other matters.** In accordance with the Court's Order for Initial Scheduling Conference entered on April 12, 2006, the parties provide the following brief statement of the case:

<u>Plaintiff's Statement</u>. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. Section 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, to remedy acts of discrimination in employment practices against her by the Federal Deposit Insurance Corporation because of

her race, including subjecting her to a hostile work environment from at least March 2004 to the present and, as part of that hostile work environment and as a separate matter as well, deny her a pay raise -- a share in the CBC pool -- in 2005.

Defendant's Statement.  Defendant denies the allegations that plaintiff was subjected to discrimination or harassment on the basis of race.  Moreover, defendant contends that plaintiff's complaint fails to state a claim for hostile work environment based on race, pursuant to the statutory and judicial authority more particularly set forth in Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (Hostile Work Environment) filed on April 21, 2006.

Respectfully submitted,

| /s/ David H. Shapiro | /s/ William S. Jones |
|---|---|
| David H. Shapiro | William S. Jones |
| D.C. Bar No. 961326 | Georgia Bar No. 404288 |
| Swick & Shapiro, P.C. | Counsel, Legal Division |
| 1225 Eye Street, N.W. | Federal Deposit Insurance Corporation |
| Suite 1290 | 3501 N. Fairfax Drive (Rm. VS-E6006) |
| Washington, DC 20005 | Arlington, VA 22226 |
| (202) 842-0300 (Tel.) | (703) 562-2362 (Tel.) |
| (202) 842-1418 (Fax) | (703) 562-2482 (Fax) |
| Attorneys for Plaintiff | |

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315 (Tel.)
(703) 562-2482 (Fax)

Attorneys for Defendant

Dated: May 3, 2006