## UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAMELA  A. BROWNFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2468 EGS |
| | ) | |
| MARTIN J. GRUENBERG | ) | |
| Acting Chairman, | ) | |
| Federal Deposit insurance Copr., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT I OF -PLAINTIFF'S COMPLAINT (HOSTILE WORK ENVIRONMENT).

### INTRODUCTION

Pamela Brownfield has filed an action under Title VII of the Civil Rights Act of 1964, as amended, against her employer, the Federal Deposit Insurance Corporation (FDIC), alleging that the FDIC has discriminated against her and created a hostile work environment because she is African American.  In its pending motion the FDIC asks this Court to dismiss Ms. Brownfield's hostile work environment argument.  The FDIC asserts that allegations in the Complaint do not support a claim for hostile work environment and that the FDIC's failure to promote Ms. Brownfield cannot contribute to her hostile work environment claim because she did not exhaust administrative remedies with respect to that claim within the 45 day time period.   However, these assertion must be rejected for two reasons.  First, clear precedent in this Circuit and by the Supreme Court  establish that under the notice pleading provisions of Federal Rules of Civil Procedure Rule 8 a plaintiff in a discrimination case is not required to detail facts to establish a prima facie case in her Complaint.  Second, a plaintiff alleging hostile working environment discrimination need not exhaust administrative remedies concerning every action that comprises the hostile work environment which can include acts occurring outside the statutory period.  For these reasons the FDIC's motion to dismiss is without merit and must be denied.

**BACKGROUND**

Pamela Brownfield is an African American female.  Since 1997, she has worked as a

Management Analyst, CG-343-12, in the Management Support Section, Management Services Branch of

the FDIC's Division of Administration.  There are 25-30 employees in the Management Support Branch.

Of these employees, all but one of the lower graded employees are black and all of the higher graded

employees are white or Asian.  Ms. Brownfield, was the only African American Management Analyst in

her section.  Plaintiff.  Ct. at 2-3.

For several years, Ms. Brownfield has been subjected to a race-based hostile working

environment. This treatment has included but not been limited to her being passed over for a promotion

to the CG-13 level, being notified that her job position was being placed on the "surplus list" for

elimination, being isolated from her coworkers and, being reprimanded for not speaking to her

coworkers. Ct. at 4-5.  Finally, on February 17, 2005, Ms. Brownfield was singled out to be the only

employee that was denied a raise in salary while all of the other employees in the Management Support

Section received a raise.  Ct. at 5.[1]

**ARGUMENT**

**I.     Standard for Motion to Dismiss**

In considering a motion to dismiss, "the court must accept all the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the nonmovant's favor." *Glymph v. District of

Columbia*, 180 F.Supp.2d 111, 113 (D.D.C. 2001).  *See also Sparrow v. United Air Lines, Inc.* 216 F.3d

1111, 1113 (D.C. Cir. 2000)(the court "must grant plaintiff the benefit of all inferences that can be

derived from the facts alleged.")  The United States Supreme Court has explained that a motion to

dismiss should only be granted in limited circumstances: "a complaint should not be dismissed for failure

---

[1]Defendant's current motion to dismiss does not address plaintiff's denial of pay raise claim which
is made in Count II of the complaint.

to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Additionally, the court should construe these facts in the light most favorable to the complainant. *Id.*

The Supreme Court has further clarified that when considering a motion to dismiss, a court must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* This policy has been consistently applied. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)("A Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") More recently, the Supreme Court has held that an employment discrimination complainant need not allege facts sufficient to make out a prima facie case. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002).

## II.    The allegations in Ms. Brownfield's complaint are sufficient to State a Hostile Work Environment Cause of Action.

In *Sparrow v. United Air Lines, Inc*., the Court of Appeals made it clear that a plaintiff is not compelled to include all of the facts upon which her discrimination complaint is based in her complaint. 216 F.3d at 1114. The Court of Appeals explained that under Federal Rule of Civil Procedure 8(a)(2), a claim need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court went on to note that Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required;" and that Rule 8(f) instructs that "[a]ll pleadings shall be so construed as to do substantial justice." *Id.* Indeed, the *Sparrow* Court made it clear that Rule 8 should be interpreted to mean

> that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court went on to hold that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests···· Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the

3

basis of both claim and defense and to define more narrowly the disputed facts and issues.Id. at 47-48, 78 S.Ct. 99 (citations omitted).

216 F.3d at 1114.

In its memorandum in support of its motion to dismiss, the FDIC argues that the alleged facts are not sufficient to support a claim of hostile work environment. Def's Memo at 6. The FDIC has grouped Plaintiff's allegations into four distinct occurrences: (1) she was passed over for a promotion; (2) she did not receive a pay raise; (3) her job was placed on the "surplus list" for elimination; and (4) she was written up for not talking to her coworkers. *Id.* at 2. This oversimplifies Ms. Brownfield's complaint. Ms. Brownfield alleges that these events occurred as part of a pattern of discrimination. *Id.* at 5-6. The Defendant misconstrues these events as separate and unrelated.

Ms. Brownfield's Complaint makes clear that the FDIC's failure to promote her was not an isolated incident. In Plaintiff's complaint, she alludes to the fact that she was initially denied a promotion to a grade 13 in March 2004, *Id.* at 3, and that while she continued to work at the "same job at the same level of responsibility as her non-African-American GS-13 fellow Management Analysts" she was isolated from them and her supervisor began confronting her (on more than one occasion) about what he perceived as her despondency at work, without regard to the fact that her dampened spirits were related to the FDIC's mistreatment of her. *Id. at 6.* In *Coleman-Adebayo v. Leavitt,* 326 F.Supp.2d 132 (D.D.C. 2004), the court explained that a discrete act is identifiable when "a court can discern the date of an act's occurrence." *Id.* at 138. In this case, the Defendant identifies the failure to promote as a March 2004 event, but the complaint identifies the failure as merely one act in a continuing pattern of abuse that created a hostile work environment for Ms. Brownfield. Further, this failure to promote was one event in a continuing pattern of discrimination and not a discrete act, because the management could have promoted her anytime after March 2004. As such, the FDIC's request that the Court dismiss Ms. Brownfield's claim that FDIC management failed to promote Ms. Brownfield in March 2004 from consideration as part of a hostile work environment because she did not exhaust administrative remedies

immediately upon being denied the promotion simply makes no sense.  The FDIC cites case law, which

identifies "failure to promote" as a discrete act, which is "distinguishable from cognizable hostile work

environment claims."  Def's Memo at 7 (quoting *Silver v. Leavitt*, 2006 WL 626928, at *12).  However,

Ms. Brownfield has not relied on the failure to promote as an adverse action to support a disparate

treatement claim.  Moreover, that as an African-American, Ms. Brownfield was singled out and denied

promotion to Grade 13, is a material fact because it shows that management had race-based motives for

subjecting her to a hostile work environment and denying her the pay increase that was granted to

everyone else.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116-117 (2002)(in determining

liability, the finder of fact may review "all conduct including those acts that occur outside the filing

period, we again look to the statute.")   As the Court of Appeals explained in

*Law v. Continental Airlines Corp., Inc*., 399 F.3d 330, 334 (D.C. Cir. 2005) under *Morgan* a plaintiff

may use "prior acts as background evidence in support of a timely claim" *citing Morgan,* 536 U.S. at

113, and  a prior act "may constitute relevant background evidence in a proceeding in which the status of

a current practice is at issue." *citing United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).  Here

plaintiff acknowledges that she may not pursue a separate claim for her non promotion in 2004.

However, she may rely on the facts and circumstances surrounding her non-selection as evidence to

support her hostile work environment claim.

**CONCLUSION**

The Court cannot, at this stage of the proceedings accept Defendant's narrow reading of the complaint as embracing four independent events.  Rather, the Court must infer a series of events resulting in a hostile work environment as alleged in the complaint.  The Plaintiff does not assert that the facts alleged in the complaint, alone, would sustain a prima facie case.  However, this is not the standard for a motion to dismiss.  Under the Supreme Court's consistent standard of review, the plaintiff has alleged sufficient facts to be allowed to proceed to discovery.

Respectfully submitted,


_____/s/_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.  20005
(202) 842-0300

Attorney for Plaintiff