# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PAMELA A. BROWNFIELD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02468-EGS |
| ) | |
| **SHEILA C. BAIR**[1]**,** ) | |
| **Chairman,** ) | |
| **Federal Deposit Insurance Corporation,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC"), responds to Plaintiff's Amended Complaint as follows:

**GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Amended Complaint that are not clearly and specifically admitted herein.

**SPECIFIC DENIALS AND RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Amended Complaint as follows by responding to the numbered

---

[1] The Complaint, filed on December 20, 2005, and the Amended Complaint, filed on December 1, 2006, named as Defendant Martin J. Gruenberg, in his official capacity as Acting Chairman of the FDIC. Sheila C. Bair was sworn in as Chairman of the FDIC on June 26, 2006, and in her official capacity should be substituted for Mr. Gruenberg as Defendant in this case pursuant to

paragraphs of the Amended Complaint:

1. Paragraph one of the Amended Complaint is Plaintiff's statement of her case, to which no response is required. Any statements of fact are denied, including Plaintiff's statement that this action is brought "to remedy acts of discrimination and retaliation in employment practices against her by the Federal Deposit Insurance Corporation because of her race."

2. Subject to Defendant's affirmative defense that Plaintiff has failed to exhaust administrative remedies or otherwise fulfill statutory prerequisites for some of her claims and/or matters raised in the Amended Complaint, Defendant admits that this Court has jurisdiction over the subject matter of this civil action. Defendant admits the remaining factual allegations of paragraph 2 of the Amended Complaint.

3. Defendant denies the existence of any claims or causes of action on the part of Plaintiff, but admits that venue would be proper based on the allegations of paragraph 3 of the Amended Complaint. The FDIC's Division of Administration ("DOA") and its personnel, including Plaintiff and the managers in her supervisory chain of command, relocated from Washington, D.C., to Arlington, Virginia, in 2006, but the activities Plaintiff complains of took place when they were located in the District of Columbia prior to this recent office relocation. Plaintiff's employment records are currently maintained by the FDIC in Arlington, Virginia, but were located in the District of Columbia when the Complaint was filed on December 20, 2005.

4. There is no paragraph 4 in the Amended Complaint.

5. Defendant admits the allegations of paragraph 5 of the Amended Complaint.

6. At the time the Complaint was originally filed on December 20, 2005, named Defendant Martin J. Gruenberg was the Acting Chairman of the FDIC. Sheila C. Bair was sworn

---

Fed. R. Civ. P. 25(d).

in as Chairman of the FDIC on June 26, 2006, and in her official capacity should be substituted for Mr. Gruenberg as Defendant in this case pursuant to Fed. R. Civ. P. 25(d). Defendant admits the remaining allegations in paragraph 6 of the Amended Complaint.

7. At the time the Complaint was originally filed on December 20, 2005, Plaintiff was a Management Analyst, CG-343-12, in the Management Support Section, Management Services Branch, Division of Administration. Effective August 20, 2006, she became a Program Analyst, CG-343-12, in the FDIC's Division of Information Technology. Defendant admits the remaining allegations in paragraph 7 of the Amended Complaint.

8. Defendant lacks information sufficient to form a belief as to the truth of the statement that "Plaintiff believed all was going well with her career in the Management Support Section and the Management Services Branch" prior to March 2004, and therefore this allegation is denied. Defendant denies that Plaintiff was "passed over for promotion" at that time. Defendant admits that Plaintiff was the only African-American CG-12 Management Analyst in the Management Support Section ("MSS") at that time. Defendant further admits that Plaintiff was one of seven qualified applicants for three CG-13 Management Analyst positions to be filled in MSS pursuant to Vacancy Announcement No. 2003-HQ-2412, and that the qualified applicants included all four of the CG-12 Management Analysts employed in MSS at that time (Plaintiff, William Gately, David Lok and Holly Mattus). Defendant further admits that the other CG-12 Management Analysts in MSS (Mr. Gately, Mr. Lok and Ms. Mattus) were competitively selected for promotion to the CG-13 Management Analyst position in March 2004, and that Plaintiff was one of the four non-selectees.

9. Defendant admits that Plaintiff was the only African-American professional in MSS and that she remained the only CG-12 Management Analyst after Mr. Gately, Mr. Lok and Ms.

Mattus were competitively selected for promotion to CG-13 Management Analysts pursuant to Vacancy Announcement No. 2003-HQ-2412. The remaining factual allegations of paragraph 9 of the Amended Complaint are denied.

10.  Because Plaintiff was afforded an equal opportunity to compete for a promotion to the CG-13 Management Analyst position pursuant to Vacancy Announcement No. 2003-HQ-2412 (and in fact, management had extended the closing date of the vacancy announcement specifically to accommodate Plaintiff's request to postpone her interview date due to a family medical emergency), Defendant denies that there was any "unfairness" when she was not promoted. Defendant lacks information sufficient to form a belief as to the truth of the statement that "Plaintiff tried to put [her non-selection] aside and get on with her work," and therefore this allegation is denied. Defendant admits that prior to March 2004, Plaintiff received an annual performance rating of "Meets Expectations" in 2003, which is the performance evaluation she included with her application for Vacancy Announcement No. 2003-HQ-2412, that she received an annual performance rating of "Meets Expectations" in 2002, and that she received a summary numeric score of 2.6 out of 3 in both 2001 and 2000. Defendant denies Plaintiff's characterization of her performance reviews for prior years, except to the extent supported by the evaluations themselves, which are the best evidence of their contents.

11.  Defendant lacks information to understand what Plaintiff means by "[e]verything appeared to be working fine" until December 16, 2004, and therefore this allegation is denied. Defendant admits the remaining factual allegations in paragraph 11 of the Amended Complaint.

12.  Defendant admits that when over one hundred positions within DOA were placed on the FDIC's surplus list, four positions within DOA's Management Services Branch ("MSB") were included: (i) Chief, Administrative Staff (CG-13); (ii) Management Analyst (CG-12);

(iii) Information Systems Specialist (CG-12); and (iv) Information Systems Assistant (CG-7). Defendant admits that at that time, the CG-13 position of Chief, Administrative Staff was encumbered by Frances Childers, the CG-12 position of Information Systems Specialist was vacant, and the CG-7 position of Information Systems Assistant was encumbered by Hung Yee, an Asian man who is hearing impaired. Defendant admits that Ms. Childers is "older" than Plaintiff, but states that Ms. Childers remains employed in her CG-13 position, and therefore denies that she "was known to be retiring soon."

13. Currently, of the seven subordinate employees in MSS, two are Asian, one is African-American, and the remaining four are white. Defendant admits the remaining allegations of paragraph 13 of the Amended Complaint.

14. Defendant states that MSB currently has 24 employees, and has had anywhere from 24 to 30 employees. Defendant further states that MSB currently has four CG-12 employees, three of whom are African-American women and one of whom is a white woman. Defendant states that of the eight MSB employees graded CG-12 or below, one is a white female, one is a hearing-impaired Asian male, and six are black females. Defendant admits the remaining allegations of paragraph 14 of the Amended Complaint.

15. Defendant denies that Plaintiff's name was on the surplus list, which lists surplus positions, not individuals. Defendant lacks information sufficient to form a belief as to the truth of the statement that "Because plaintiff was quite upset . . . , she could not talk to anyone about it," and therefore this allegation is denied. The remaining factual allegations of paragraph 15 of the Amended Complaint are denied.

16. Defendant lacks information sufficient to form a belief as to the truth of the statement that "Plaintiff had not returned to her old friendly self because she was just so upset . .

5

. she was afraid the [sic] if she engaged her colleagues in small talk she would become overly emotional," and therefore this allegation is denied. The remaining factual allegations of paragraph 16 of the Amended Complaint (including, without limitation, that she had "been placed on the surplus list" and had "just been passed over for the promotion") are denied.

17. Nationwide, the FDIC Contribution-Based Compensation (CBC) pool for the 2004 performance year consisted of 977 non-bargaining unit employees, 45 of whom were placed in Group V after careful consideration by management (and therefore received no 2005 salary increase pursuant to the terms of the CBC program). Defendant admits the remaining allegations of paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations of paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations of paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations of paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations of paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations of paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations of paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations of paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations of paragraph 25 of the Amended Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief.

Defendant denies that Plaintiff is entitled to a trial by jury "on question[s] pertaining to the level of damages to be awarded" insofar as that assertion may refers to remedies, such as back pay, that are considered to be in the nature of equitable relief under Title VII.

**DEFENSES AND AFFIRMATIVE DEFENSES**

By pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant does not concede that it possesses or assumes the burden to prove each or any of them. Defendant maintains that Plaintiff retains the burden of proof on all matters necessary to state and sustain the claims asserted in the Amended Complaint. .

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust administrative remedies for some or all of her claims.

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over some or all of Plaintiff's claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial remedies for Title VII complaints.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a prima facie case under any of the claims or causes of action she has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Amended Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

    Respectfully submitted,

    /s/ William S. Jones
    _____
    William S. Jones
    Georgia Bar No. 404288
    Counsel, Legal Division
    Federal Deposit Insurance Corporation
    3501 N. Fairfax Drive (VS-E6006)
    Arlington, VA 22226
    (703) 562-2362
    (703) 562-2482 (Fax)

    Patricia Davison-Lewis
    D.C. Bar No. 414378
    Counsel, Legal Division
    Federal Deposit Insurance Corporation
    3501 N. Fairfax Drive (VS-E6010)
    Arlington, VA 22226
    (703) 562-2315
    (703) 562-2482 (Fax)

    Attorneys for Defendant

Dated: December 20, 2006