## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAMELA A. BROWNFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-02468-EGS |
| ) | |
| SHEILA C. BAIR, ) | |
| Chairman, ) | |
| Federal Deposit Insurance Corporation, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

This is an action for redress for alleged violations of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

WHEREAS, the defendant Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC"),[1] is or may be required to produce in this litigation certain records, documents, and information (i) which may be subject to the confidentiality requirements of the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), and which relate to persons who are not parties to this case, or (ii) which are of a sensitive or confidential nature, not publicly available, and/or considered "exempt" under 12 C.F.R. § 309.5(g) (together, (i) and (ii) shall be known as "confidential information"); and

WHEREAS, although certain confidential information may be disclosed in litigation as (i) a routine use of such information under subsection (b)(3) of the Privacy Act, or (ii) pursuant to the provisions of 12 C.F.R. § 309.6, it is nonetheless prudent to authorize disclosure by means of a court order under subsection (b)(11) of the Privacy Act and/or 12 C.F.R. § 309.6(b)(8) to

---

[1] The Complaint, filed on December 20, 2005, named as defendant Martin J. Gruenberg, in his official capacity as Acting Chairman of the FDIC.  Sheila C. Bair was sworn in as Chairman of the FDIC on June 26, 2006, and in her official capacity should be substituted for Mr. Gruenberg as defendant in this case pursuant to Fed. R. Civ. P. 25(d).

STIPULATED PROTECTIVE ORDER - Page 1

ensure that discovery, testimony, and development of relevant evidence proceed without confusion over Privacy Act or other information disclosure provisions; and

WHEREAS, the Court and the parties desire to protect confidential information from unnecessary public disclosure and prevent the use of confidential information for any purpose other than the litigation of this case; therefore, it is hereby

**ORDERED**, that defendant is authorized to disclose to counsel for the plaintiff and to the Court relevant personnel records and related materials concerning individuals other than the plaintiff without obtaining prior written consent of the individuals or business entities to whom such records and information may pertain.

**IT IS FURTHER ORDERED**, that defendant is authorized to disclose to counsel for the plaintiff and to the Court relevant information otherwise "exempt" under 12 C.F.R. § 309.5(g).

**IT IS FURTHER ORDERED**, the parties shall endeavor to protect confidential information from unnecessary disclosure or any use other than as required in this litigation, through the following means, and through such other actions as may be necessary and appropriate:

1. Documents, written discovery, or other materials containing confidential information, and provided by a party to opposing counsel, but not filed with or provided to the Court, need not be redacted except upon agreement of counsel.  Such documents and material shall be maintained in secure locations with appropriate access procedures to minimize the risk of inadvertent, unnecessary, or improper disclosure of confidential information.  When it is no longer necessary to maintain such documents or material, they will be destroyed or returned to counsel for Defendant.

2. Access to confidential information shall be granted only as needed for purposes of this

litigation. Any persons granted access to confidential information by a party or counsel for a party, including staff, assistants, experts, consultants, and contractors, shall be apprised of the contents of this Order.

    3. Confidential information not necessary or relevant to an issue in this litigation shall be redacted from any document filed with the Court if not under seal, and from any document used in a deposition, hearing, or trial to refresh recollection or marked, submitted, or admitted as an exhibit or evidence unless otherwise ordered by the Court. Information that should routinely be redacted unless relevant to an issue in this case would include, but is not limited to: personal identification information such as Social Security numbers and drivers license numbers; telephone numbers and electronic mail addresses; sick leave, annual leave, and other leave information; information concerning family members and personal relationships; personal financial information such as account numbers, W-4 forms and other tax information, employment benefits selections and usage, direct deposit information, insurance coverage and claims, debts and garnishments, confidential financial disclosure reports, designations of beneficiaries, and information and materials contained in or related to financial institution examinations. In addition, care should be taken in the determination whether and to what extent to use any other confidential information pertaining to nonparties, particularly with regard to records normally considered "private," such as health records and medical information, records of disciplinary actions, and performance evaluations, or information contained in or related to financial institution examinations. Copies of any document with unnecessary or irrelevant confidential information redacted shall be marked "Redacted." Redactions should be agreed upon by counsel to avoid any surprises and to ensure that the same document is not redacted in different ways in different submissions. Counsel making any such redactions shall maintain a

copy of the unredacted document, should examination of the redacted information become necessary.

    4. In depositions, hearings, and trial, counsel shall refrain from eliciting from witnesses the types of information that, if written, would be redacted under paragraph 3.

    5. Counsel seeking to use confidential information in a way that will disclose such information to the public should consult with counsel for the opposing party to attempt to reach agreement on the use of the confidential information prior to such disclosure.

    **IT IS FURTHER ORDERED** that nothing in this order shall constitute a waiver by defendant of any privilege or defense under the Privacy Act, 5 U.S.C. § 552a, or other law or rule with respect to any records or information subject to this Stipulated Protective Order. Further, this Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

    **IT IS FURTHER ORDERED** that this Stipulated Protective Order does not constitute a ruling on the question of whether any particular record is properly discoverable and does not constitute a ruling on the admissibility of any record at trial or otherwise.

Stipulated and Agreed to:

| FOR THE DEFENDANT: | FOR THE PLAINTIFF: |
|---|---|
| /s/ *William S. Jones*_____ | /s/ *Richard L. Swick*_____ |
| William S. Jones | Richard L. Swick |
| Ga. Bar No. 404288 | D.C. Bar No. 936930 |
| Counsel, FDIC Legal Division | SWICK & SHAPIRO, P.C. |
| 3501 Fairfax Dr., Room H-6006 | 1225 Eye Street, N.W., Suite 1290 |
| Arlington, VA 22226 | Washington, D.C. 20005 |
| 703-562-2362 (office) | 202-842-0300 (office) |
| 703-562-2482 (fax) | 202-842-1418 (fax) |

**SO ORDERED** this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE