EXHIBIT C1

# FDIC

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive, Room-E-2070, Arlington, VA 22226-3500                                    Office of Diversity and Economic Opportunity

April 27, 2006

<u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>
# 7003 2260 0001 8050 5715

David H. Shapiro, Esq.
Swick & Shapiro, P.C.
1225 Eye Street, N.W, Suite 1290
Washington, DC 20005

    In Reply Refer To:  Pamela A. Brownfield
    Agency Docket No.: FDICEO – 060017
    Date Filed:    March 24, 2006

Subject: <u>Revised Acceptance of Formal Discrimination Complaint and Amendment</u>[1]

Dear Mr. Shapiro:

This is regarding the formal discrimination complaint filed by Pamela A. Brownfield ("Complainant")[2] against the Federal Deposit Insurance Corporation ("FDIC" or "Agency") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

Complainant's formal complaint, dated March 24, 2006, and hand delivered to this office on March 24, 2006, is deemed filed on the date of delivery.

Complainant initially contacted an Equal Employment Opportunity ("EEO") Counselor on February 24, 2006, alleging discrimination involving the Division of Administration ("DOA"), Management Service Branch, Management Support Section, Washington, DC. Informal EEO counseling was not successful in resolving the claims raised and on March 16, 2006, Complainant was issued a Notice of Right to File a Formal Discrimination Complaint ("NRTF"). The NRTF advised Complainant of the procedures and time limit for filing a formal complaint.

The U.S. Equal Employment Opportunity Commission ("EEOC") regulation 29 C.F.R. 1614.106(d) states, in part, a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint. On April 7, 2006, Complainant submitted via facsimile a Request to Amend Formal Complaint.

---

[1] The purpose of this revised acceptance letter is to correct the dates in Claim 2, which the initial acceptance letter, dated April 21, 2006, stated inaccurately.
[2] All official correspondence will be sent to Complainant's representative, with copies sent to Complainant, unless Complainant submits a written request directing the FDIC to send all correspondence directly to Complainant. 29 C.F.R. § 1614.605(d).

**Brownfield v. Bair, 05-cv-2468-EGS**
**Exhibit 2**

Re: Brownfield, FDICEO – 060017                                                                 Page 2 of 4

Based on Complainant's formal discrimination complaint, the enclosed EEO Counselor's Report, and the Request to Amend Formal Complaint, the following claims are accepted for investigation:

A. Whether Complainant was discriminated against and subjected to harassment that created a hostile work environment on the bases of race (African American) and reprisal (prior EEO activity), when:

1. On February 23, 2006, Complainant was informed by her first-level supervisor, Daniel Bendler, Chief, Management Support Section, Division of Administration ("DOA") that Ann Bridges-Steely, Associate Director, Acquisition Service Branch ("ASB"), DOA, had complained to Complainant's second-level supervisor, Paul Sherman, Assistant Director, Management Service Branch, DOA that Complainant disturbed and distracted Bridges-Steely's staff during a social visit to ASB.

2. From May 2005 to March 2006, Mr. Bender and Mr. Sherman have:

   a. Withheld work assignments from Complainant and assigned Complainant's primary duties to higher graded Management Analysts;

   b. Restricted Complainant's contacts with other Corporation personnel;

   c. Made inquiries about Complainant by speaking to Complainant's colleagues; and

   d. Treated Complainant in a hostile and exclusionary manner.

B. Whether Complainant was discriminated against on the bases of race (African American) and reprisal (prior EEO activity) on March 27, 2006, when she learned that she had been placed in Group III in the Pay for Performance Program, and that Mr. Bender had down-played her work contributions for calendar year 2005.

If the above-identified claims are incorrect, please inform Carol H. Banks, EEO Specialist, of the claims Complainant is alleging to be discriminatory, as well as the relevant date(s). This information must be provided, in writing, within five (5) calendar days of Complainant's receipt of this revised acceptance letter, to Ms. Banks at the address provided below. If this Office does not receive a written reply within five (5) calendar days of receipt of this letter, the above-identified claim will be forwarded for investigation. Due to delays with the Agency receiving mail sent through the U.S. Postal Service, a copy may also be sent by facsimile transmission to (703) 562-6088.

All correspondence regarding this complaint must include the Agency Docket Number FDICEO-060017 and the date filed March 24, 2006. This information will assist us in responding promptly. Correspondence forwarded to this Office by mail or hand deliveries should be addressed in the format as indicated below:

Re: Brownfield, FDICEO – 060017								Page 3 of 4

        FEDERAL DEPOSIT INSURANCE CORPORATION
        OFFICE OF DIVERSITY AND ECONOMIC OPPORTUNITY
        COMPLAINTS PROCESSING BRANCH
        ATTN: SUSAN L. BERMAN, DEPUTY CHIEF
        ROOM E-2070
        3501 FAIRFAX DRIVE
        ARLINGTON, VA 22226-3500

Complainant will be notified of the investigator assigned to conduct the investigation. If evidence obtained during the investigation indicates that dismissal of a claim is appropriate, all decisions will be made in accordance with the U.S. Equal Employment Opportunity Commission ("EEOC") regulations at 29 C.F.R. § 1614.107. If a hearing is requested at the conclusion of the investigation of the accepted claim(s), an administrative judge appointed by the EEOC may review the dismissed claim(s). However, there is no immediate right to appeal the dismissed claim. Any dismissed claim(s) may not be appealed until final agency action is rendered by the Agency on all the claims. 29 C.F.R. § 1614.107(b). A final agency action is either a Final Agency Order (if there is a hearing) or a Final Agency Decision (if no hearing is held). A complaint that is dismissed in its entirety may be appealed after a Final Agency Decision is issued. Complainant will be provided appeal rights with the final agency action.

Pursuant to the EEOC regulations at 29 C.F.R. § 1614.108, a copy of the Report of Investigation ("ROI") is to be forwarded to Complainant within 180 calendar days of the date that Complainant filed the formal complaint, unless there is a written agreement to an extension. Prior to receipt of the ROI, Complainant may amend this complaint to add claims that are like or related to the claim(s) raised in this complaint. 29 C.F.R. § 1614.106(d). There is no requirement that Complainant seek EEO counseling on these new claims. However, if the new claim is not like or related, then Complainant will be referred to an EEO counselor. Complainant must submit any new claim(s) to this Office to the address indicated above.

At the time, the ROI is transmitted, a Notice about participating in the FDIC's EEO Mediation Program and the Right to Request a final agency action with or without a hearing will be provided. Complainant may elect to participate in the FDIC's EEO Mediation Program or request a hearing before an Administrative Judge appointed by the EEOC or request a Final Agency Decision without a hearing to be issued by Martin J. Gruenberg, Acting Chairman, FDIC, or his designee. The Notice will provide detailed information relating to the procedures and time limits imposed for making the election and requests.

The EEOC regulations also provide that if 180 calendar days have elapsed from the filing date of the formal complaint, and a copy of the ROI has not been received, then Complainant may request a hearing before an Administrative Judge appointed by the EEOC, or may file an action in federal district court. Unless this Office receives written notification from Complainant that one of these options is being exercised, this Office will continue processing this complaint.

                                                                                              **Brownfield v. Bair, 05-cv-2468-EGS**
                                                                                                            **Exhibit 2**

Re: Brownfield, FDICEO – 060017                                Page 4 of 4

When 180 calendar days have elapsed from the filing date of the formal complaint, and Complainant requests a hearing, <u>Complainant must send the written request directly to the U.S. EEOC Washington Field Office</u> to:

> U.S. Equal Employment Opportunity Commission
> Hearings Unit
> Washington Field Office
> 1801 L Street, NW, Suite 100
> Washington, DC 20507

<u>Complainant must certify that a copy of the request for a hearing was also sent to the FDIC</u> to Susan L. Berman, Deputy Chief, Complaints Processing Branch at the FDIC address indicated above.

If there are any questions, please contact Ms. Banks at (703) 562-6080 or me at (703) 562-6075.

Sincerely,

*Susan L. Berman*
Susan L. Berman
Deputy Chief,
Complaints Processing Branch

Enclosure: EEO Counselor's Report

cc:   Pamela A. Brownfield
      P.O. Box 28124
      Washington, DC 20038
            <u>VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED</u>
            # 7003 2260 0001 8050 5739

      Carol H. Banks, EEO Specialist, Complaints Processing Branch, ODEO
      Amelia P. White, Program Assistant, Complaints Processing Branch, ODEO