**AFFIDAVIT**

**COMMONWEALTH OF VIRGINIA**

**COUNTY OF ARLINGTON**

I, Ann Bridges Steely (white, no prior EEO activity), Associate Director, EM, Acquisitions Services Branch, Division of Administration, Federal Deposit Insurance Corporation, after first being placed under oath, make the following statement freely and voluntarily to Daniel Willard Jewell, who has identified himself to me as a Contract EEO Investigator for the Federal Deposit Insurance Corporation, investigating a complaint of employment discrimination filed by Pamela Brownfield, knowing that this statement may be used in evidence. I understand that this statement is not strictly confidential and may be shown to any interested party with a legally recognized need to know.

In response to questions from the EEO Investigator, I hereby solemnly swear or affirm:

1. I have held my current position and worked for the FDIC over 3 years. My 1st and 2nd level supervisors are Glen Bjorkland and Arleas Upton Kea. My duties are to establish policies and procedures related to contract activities of the Corporation and then execute and administer all such contracts. I currently supervise about 26 positions.

2. The Investigator has apprised me of the issues in this complaint filed by Pamela Brownfield based on race and reprisal. I have known Ms. Brownfield casually for several

years.  She has not worked in my Branch and I have never supervised her.  I understand her race to be African American.  I first learned of her EEO activity approximately 4-6 weeks ago as this interview was being scheduled.

3. Regarding the issue of a conversation I had with Paul Sherman about Ms. Brownfield in February 2006, I went to Mr. Sherman based on my own observations and comments brought to me by one of my managers, Harry Baker, that covered a period of several weeks.  Ms. Brownfield had been spending a lot of time visiting ASB employees and I told Mr. Sherman I felt these visits were becoming disruptive to my staff.  I wanted to mention it to him before the situation became worse.  I suggested that someone mention it to her so she would be mindful of her time in my work area.  We were all new in the building at the Virginia Square facility and this was the first time our two staffs worked on the same floor.  I wanted everyone to get off to a good start together.  I have no knowledge of any training session that was referred to by Ms. Brownfield. My concerns were based on my observations in our work area and the comments of managers on my staff.

4.   I did not request any type of discipline. I just wanted Ms. Brownfield's supervisor to mention the matter to her. I spoke to Mr. Sherman about this only once and either he or Dan Bendler later told me they spoke to her. I am not aware of a written policy regarding socializing, however, I felt Ms. Brownfield was spending an excessive amount of time visiting ASB staff and that this could be distracting them from their work. Similarly, I have also spoken to my own administrative assistant about being careful of having people spending too much time at her cubicle chatting. I considered this conversation with my assistant to be feedback to her and was not considered disciplinary.

5.   Regarding the issue of Ms. Brownfield's group placement under the Pay for Performance Program, all DOA senior managers participated in a discussion of write-ups for the program in 2006. Each manager looked at some but not all of the write-ups of the other employees in the Division before we all met to discuss the appropriate group in which to place each employee. I do not recall any specific discussion of Ms. Brownfield's placement. We had over 300 employees to place and we tried very hard to treat everyone equally. Ms. Kea made the final decision

regarding placement and I felt the entire process was quite fair.. Every employee was allowed a chance to give her or her own comments on the information submitted by his or her supervisor. Other managers then looked at those comments before we all reached a consensus on final recommendations for placement of the entire staff.

6. I have no knowledge of the other issues in this case.

7. I deny doing anything to discriminate against Ms. Brownfield because of her race or EEO activity.

8. I have no one to suggest as an additional witness.

9. I want to add that my comments to Mr. Sherman were based on my own observations and were intended to ensure that nothing adverse would develop in our new working environment to the point where disciplinary action might be necessary. I did not see the situation as a significant problem at that time and I tried to present my concerns to Mr. Sherman in a way that made it clear I did

not think this was a major issue. It simply needed to be addressed while it was a small matter.

I have read the above statement and declare that it is truthful, accurate and complete to the best of my knowledge, information and belief, under penalty of perjury. I understand that the information I have given is not to be considered strictly confidential and may be shown to interested parties on a need to know basis pursuant to applicable EEOC regulations.

_____
Ann Bridges Steely

Aug 30, 2006
_____
Date

Subscribed before me at

FDIC - Virginia Square_____ on

this 30th day of August, 2006.

_____
Witness to Affiant's Signature